UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS DEWAYNE MCQUEEN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No. 2:25-cv-00892-ACA-HNJ |
| ] | |
| **BRIGETT BALLARD, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

In June 2025, the magistrate judge entered a report recommending the court deny Plaintiff Marcus Dewayne McQueen's motion to proceed *in forma pauperis* and dismiss this action without prejudice pursuant to the three strikes provision of 28 U.S.C. § 1915(g). (Doc. 4). Mr. McQueen timely filed objections to the magistrate judge's report. (Doc. 5).

In his objections, Mr. McQueen does not dispute that he previously filed at least three cases or appeals that courts dismissed as frivolous or for failing to state a claim upon which relief may be granted. (*See generally id.*). Therefore, the court need only consider whether Mr. McQueen satisfies the "imminent danger of serious physical injury" exception contained in 28 U.S.C. § 1915(g). *See*, *e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) ("A prisoner with three strikes can avoid § 1915(g)'s bar to proceeding [*in forma pauperis*] only by showing that he is under

imminent danger of serious physical injury.") (quotation marks omitted); *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) ("[T]he sole exception to the three strikes bar is where 'the prisoner is under imminent danger of serious physical injury.'") (quoting 28 U.S.C. § 1915(g)). Neither Mr. McQueen's complaint nor his objections establish he faces an imminent danger of serious physical injury. (*See generally* docs. 1, 5). Thus, the court **OVERRULES** Mr. McQueen's objections.

After carefully considering the record in this case, including the magistrate judge's report and recommendation and Mr. McQueen's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Accordingly, the court **WILL DENY** Mr. McQueen's motion for leave to proceed *in forma pauperis* and his request to set this case for trial. (Doc. 2; *see* doc. 1 at 6). Because Mr. McQueen failed to pay the filing and administrative fees at the time he filed this complaint, the court **WILL DISMISS** this action **WITHOUT PREJUDICE**.

Mr. McQueen may initiate a new civil rights action by completing and filing a new civil rights complaint form and paying the filing and administrative fees of $405.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this August 14, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE